JOSEPH ULLMANN BROKERAGE CORP., Respondent, *v.* ROLAND ZIMBAL et al., Copartners Doing Business under the Name of SAUK TRAIL MINKERY, Appellants.

First Department, April 22, 1952.

*Sidney S. Korzenik* for appellants.

*H. William Rosenblum* of counsel (*Ralph S. Hein* with him on the brief; *Rosenblum & Hein,* attorneys), for respondent.

CALLAHAN, J. On October 16, 1949, the parties entered into a written agreement drawn by plaintiff broker under which it agreed to take out pelt insurance on defendants' pelts and defendants agreed to ship, within thirty days after pelting, all pelts taken from the animals to plaintiff for sale. Plaintiff purportedly took out the insurance, but such insurance was ineffective because the animals had not been pelted. In addition, there was a condition precedent before the insurance became effective that a list of the pelts would be provided by defendants. This was never done. Since the insurance was never effective, the City Court was in error in awarding plaintiff the sum of $35 representing the premium on the insurance. In fact, as pointed out in appellants' brief, the premium was not paid until after the institution of this action.

Since the insurance was not effective, there was no consideration by plaintiff for the obligation of defendants to ship the pelts for sale. Any ambiguity in the contract should be resolved in defendants' favor. At least it can be said that the plaintiff had no such interest in the pelts that the agency, which the agreement created, could not be revoked by defendants, who never shipped the pelts to plaintiff but employed another broker, who actually sold the pelts.

When the pelts were shipped to the broker, he received only bids and had no authority to sell without obtaining confirmation from his principal. The testimony shows that when the

pelts were shipped, the rancher could withdraw the pelts from the market without incurring responsibility. This is borne out by circulars distributed by plaintiff. The circular in evidence was distributed after the agreement was entered into, but is pertinent in determining the intent of the parties and the custom which governed their business. The circular pointed out that the pelt insurance was free and contained this declaration: " There Will Be No Withdrawal Charge on Ranch Mink for the 1949–50 Season, Except Where Ranchers Have Received Livestock or Pelt Advances."

This leads to the conclusion that both parties understood that the broker was employed under a revocable agency, with the ranchers having the unqualified right to withdraw the pelts from the broker any time before sale. Since the rancher could withdraw from sale, it stands to reason that he was under no obligation to first ship and then withdraw the pelts.

The determination of the Appellate Term and the judgment of the City Court should be reversed, with costs to the appellants and judgment directed to be entered in favor of the defendants dismissing the complaint herein, with costs to defendants.

GLENNON, J. P., COHN, SHIENTAG and HEFFERNAN, JJ., concur.

Determination of the Appellate Term and the judgment of the City Court unanimously reversed, with costs to the appellants and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs to the defendants. Settle order on notice. [See *post,* p. 759.]